**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:18-cv-23357-UU

PYURE BRANDS, LLC,

    Plaintiff,

v.

NASCENT HEALTH SCIENCE LLC, *et al.*,

    Defendants.

_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendant Zhucheng Haotian Pharmaceutical Co. Ltd.'s ("Zhucheng") Motion to Dismiss Complaint for Insufficient Service of Process (the "Motion), D.E. 22. The Court has considered the Motion, the pertinent portions of the record and is otherwise fully advised in the premises.

    **I.**    **Factual Background**

Unless otherwise indicated, the facts are taken from Plaintiff's complaint. D.E. 1.

Plaintiff Pyure Brands, LLC ("Pyure") is a Florida Corporation with its principal place of business in Naples, Florida. D.E. 1 ¶ 1. Pyure is an independent developer and seller of natural sweeteners, including the Pyure brand, which is sold worldwide. *Id.* ¶¶ 1-2. Defendant Zhucheng, is a limited company organized and existing under the laws of the Republic of China with an office and/or manufacturing facility located in Zhucheng, China. D.E. 1 ¶ 7. Defendant Nascent is a New York Corporation with its principal place of business at 325 East 80th Street, 4E, New York, New York 10075. D.E. 1 ¶ 6. Zhucheng manufactures a sweetener product marketed under the brand "SoPure," which it ships to Nascent in the United States, who in turn, sells SoPure throughout the United States. *Id.* ¶¶ 3-4.

## I. Procedural Background

### A. Complaint

Pyure filed the complaint on August 17, 2018. D.E. 1. The complaint contains five counts: (1) Trademark Infringement under 15 U.S.C. § 1114; (2) Unfair Competition under the Lanham Act, 15 U.S.C § 1125(a); (3) Common Law Trademark Infringement; (4) Common Law Unfair Competition; and (5) Trade Dress Infringement. D.E. 1.

### B. Service of Process

On September 12, 2018, the Court ordered Plaintiff to show cause as to its efforts on serving Zhucheng. D.E. 11. On September 17, 2018, Pyure responded that it had initially sought an agreement from Nascent to accept service for Zhucheng, which Nascent rejected. D.E. 13 at 2. Pyure further informed the Court that although it had contemplated service under the Hague convention, it "noticed that Nascent denied that Nascent is a subsidiary of ZCHT . . . [and] conducted further research and discovered that Nascent has repeatedly held itself out as a subsidiary of ZCHT and the exclusive global distributor of ZCHT's SoPure Stevia product." D.E. 13 at 2. Thus,

> [i]n light of Nascent's wrongful refusal to accept service on behalf of [Zhucheng] and its representations to the public at large that it is a 'subsidiary' of and 'exclusive global market representative' for ZCHT, Pyure has dispatched a process server to Nascent's offices in New York City to effect service of process on ZCHT via Nascent, ZCHT's agent in the United States . . . .

D.E. 13 at 2. On September 24, 2018, Pyure filed an affidavit of service upon Zhucheng. D.E. 15. The affidavit of service states that the summons and complaint were served upon Zhucheng at 325 East 80th Street, Apartment 4E, New York, New York 10075, Nascent's principle place of business. D.E. 15-1. The affidavit of service further indicates that service was accepted on behalf of Zhucheng by a woman named Ashanti Sevgili ("Sevgili"). *Id.* The affidavit of service is signed by the process server and notarized by a notary public of the State of New York. *Id.*

Zhucheng filed the Motion in response on October 9, 2018. D.E. 22. The Motion is fully briefed and ripe for disposition.

## II.     Legal Standard

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). A party may move for dismissal under Rule 12(b)(5) for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "The applicable burden on a motion to dismiss for insufficient service of process under Rule 12(b)(5) is identical to that on a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2)." *Absolute Trading Corp v. PDVSA Servs., Inc.*, No. 10-21371-CIV, 2010 WL 11451772, at *2 (S.D. Fla. Nov. 18, 2010). "In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a *prima facie* case of jurisdiction over the movant, non resident defendant." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988); *see also Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002). "A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Meier*, 288 F.3d at 1268–69 (citations omitted). "Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (citations omitted). "The burden-shifting framework established by the Eleventh Circuit for evaluating motions to dismiss for personal jurisdiction requires the plaintiff to produce competent evidence in support of his jurisdictional claims once the defendant has rebutted the jurisdictional allegations in the complaint." *In re Banco Santander Sec.-Optimal Litig.*, 732 F. Supp. 2d 1305, 1313 (S.D. Fla. 2010), *aff'd sub nom.*

*Inversiones Mar Octava Limitada v. Banco Santander S.A.*, 439 F. App'x 840 (11th Cir. 2011). "[W]here the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff." *Morris*, 843 F.2d at 492.

### III. Analysis

#### A. Service of Process

##### i. Standard

Federal Rule of Civil Procedure 4(h) governs service upon a corporation and provides:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
>
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h). Rule 4(e)(1) in turn, provides that:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;

Fed. R. Civ. P. 4(e)(1). Pyure bears the initial burden of establishing service upon Zhucheng. *Meier*, 288 F.3d at 1268–69. Thus, Pyure must establish that it served Zhucheng in one of two

ways: (1) by delivering a copy of the summons and of the complaint to an officer or an agent authorized by appointment or by law to receive service of process on behalf of Zhucheng; or (2) by effecting service upon Zhucheng in the manner prescribed by Florida law (where this district court is located) or under New York law (where service was allegedly made) for serving an individual. Fed. R. Civ. P 4(e), (h). The Court will address each form of service in turn.

        ii.   <u>Service Under Rule 4(h) – Officer or Agent Authorized to Receive Service</u>

Zhucheng argues that Pyure has not met its burden of establishing service under Rule 4(h). Specifically, Zhucheng argues that the affidavit of service, D.E. 15, indicates that Pyure served Sevgili at 325 East 80th Street, 4E, New York, New York 10075, but this is Nascent's place of business; Zhucheng's principal place of business is in China. D.E. 1 ¶ 7. Moreover, Nascent is not an agent or subsidiary of Zhucheng authorized by law to receive service for Zhucheng, and Sevgili is not an employee of Nascent, let alone an agent or officer authorized to accept service of process for Zhucheng. D.E. 22. Zhucheng supports these allegations via an affidavit by Michael Chen ("Chen"), the Managing Member of Nascent. D.E. 22-1. Therefore, the burden shifts "back to the plaintiff to produce [competent] evidence supporting jurisdiction." *Diamond Crystal Brands, Inc.*, 593 F.3d at 1257 (citations omitted) (alteration added).

Pyure responds that it properly served Zhucheng under Rule 4(h) because "Nascent is nothing but a shell through which ZCHT acts and that Nascent is legally the agent of ZCHT for many purposes, including for service of process." D.E. 26 at 4. In support Nascent makes two broad arguments and points to twenty pieces of evidence; the Court will address each in turn.

1. <u>Nascent Admitting to Being a Wholesaler is Insufficient</u>

Pyure argues that pursuant to Florida law,[1] Nascent is Zhucheng's agent authorized to receive service on behalf of Zhucheng. Specifically, Pyure argues that Zhucheng admitted that Nascent was its importer and wholesaler in its affidavit and therefore, "Nascent, as ZCHT's exclusive worldwide wholesaler, is an authorized agent for service of process pursuant to Fla. Stat. 48.181(3)." D.E. 26 at 5 (citing *Cypress Capital Advisors LLC v. Teledatos, S.A.*, No. 10-20520-CIV, 2010 WL 11597678, at *2 (S.D. Fla. Apr. 21, 2010)). As Zhucheng rightly asserts, this argument is without merit.

Pyure selectively quotes *Cypress Capital Advisors* to argue that merely operating as a wholesaler renders an entity an agent for service of process. *See* D.E. 26 at 5 ("if a nonresident defendant does business in the forum through 'brokers, jobbers, wholesalers, or distributors,' then service through such an entity is proper as service on an agent of process.") (quoting *Cypress Capital Advisors LLC*, 2010 WL 11597678, at *2.). But, that quote was not the Court's holding –

---

[1] Pyure also argues that service upon Nascent as Zhucheng's agent under New York law would be proper. D.E. 26 at n.1. New York law permits service upon a corporation via its agent only if there are grounds to pierce the corporate veil, i.e. indicating that the two corporations are not distinct. *Id.* (quoting *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, 322 F.R.D. 442, 447 (S.D.N.Y. 2017)). Although not a model of clarity, the Court interprets Pyure's argument to be that there are grounds indicating that Zhucheng and Nascent are not distinct entities. D.E. 26 at 6 n1. This argument is unavailing. First, Pyure does not identify the grounds that indicate that Zhucheng and Pyure are not distinct corporate entities under New York Law. Second, assuming Pyure is attempting to make reference to its 20 pieces of evidence for this proposition, this evidence is unauthenticated and inadmissible, and Pyure does not explain how this evidence shows that Zhucheng and Nascent are not really separate corporations under New York law, which is a heavy burden. *Gilderhus v. Concentrix Corp.,* 825 F.Supp.2d 414, 432 n.23 (W.D.N.Y. 2011) ("It is hornbook law that service of process on a subsidiary does not constitute service on a parent corporation, nor does service on a parent constitute service on the subsidiary. <u>Except in exceptional circumstances not present here, the law respects separate corporate identities even where one corporation may wholly own another</u>....") (quoting *Sansui Elecs. Corp. v. Am. Southern Ins. Co.*, No. 88-cv-6184, 1992 WL 77591, at *4 (S.D.N.Y. Mar. 26, 1992)) (emphasis added). As discussed, Pyure's evidence at best indicates that Nascent is a subsidiary of Zhucheng, but as in Florida law "the parent-subsidiary relation alone ordinarily does not establish the necessary agency for making service on one through the other if the two maintain separate identities . . . The federal courts generally have preserved the corporate fiction and been unwilling to pierce the corporate veil." *RCC Ventures*, 322 F.R.D. at 447 (quoting 4A Wright & Miller, Federal Practice and Procedure § 1104 (4th ed.)) (footnotes omitted). Thus, for reasons discussed *infra*, the Court finds that Pyure has not met its burden of establishing proper service of process on Zhucheng by Rule 4(h).

rather, it was the plaintiff's argument that the *Cypress Capital Advisors* court ultimately rejected. *See Cypress Capital Advisors LLC*, 2010 WL 11597678, at *2.

To be sure, § 48.181(3) does provide for service upon a defendant through its wholesalers who sell into Florida. However, a party's status as a wholesaler is insufficient to render it an agent for service of process under Florida law. "[W]here a subsidiary is served to obtain jurisdiction over the parent, the plaintiff must show 'that the parent corporation exercised such a degree of control over its subsidiary that the activities of the subsidiary were in fact the activities of the parent within the state . . . .'" *Id.* at *3 (S.D. Fla. Apr. 21, 2010) (quoting *Vega Glen v. Club Mediterranee S.A.*, 359 F. Supp. 2d 1352, 1354 (S.D. Fla. 2005); *see also Grenier v. Marlow Yachts, Ltd.*, No. 8:11-CV-2083-T-27TGW, 2012 WL 4471247, at *7 (M.D. Fla. Aug. 22, 2012), report and recommendation adopted as modified, No. 8:11-CV-2083-JDW-TGW, 2012 WL 4478976 (M.D. Fla. Sept. 27, 2012) ("A plaintiff relying on § 48.181(3) to establish jurisdiction over a non-resident defendant must show that the defendant possessed some degree of control over the distributor with which it deals in Florida or over the product itself.") (citing *Dinsmore v. Martin Blumenthal Associates, Inc.*, 314 So.2d 561, 566 (Fla.1975)) (other citations omitted). Thus, Pyure's argument that under Florida law, by admitting to operating as Zhucheng's wholesaler, Nascent became Zhucheng's agent for service of process, is incorrect. *See* D.E. 26 at 5 ("The Court could conclude its analysis at this point based solely on the admissions of ZCHT.").

### 2. Zhucheng Does Not Control Nascent

Instead, Pyure must rebut Zhucheng's affidavit by competent evidence indicating that Zhucheng controls Nascent. *In re Banco Santander Sec.-Optimal Litig.*, 732 F. Supp. 2d 1305, 1313 (S.D. Fla. 2010*), aff'd sub nom. Inversiones Mar Octava Limitada v. Banco Santander S.A.,* 439 F. App'x 840 (11th Cir. 2011) ("[M]otions to dismiss for personal jurisdiction require[] the

plaintiff to produce competent evidence in support of his jurisdictional claims once the defendant has rebutted the jurisdictional allegations in the complaint . . . [the] failure to rebut, with some admissible evidence, the statements in the various Defendants' affidavits . . . fatally undermines the Plaintiffs' case for personal jurisdiction . . . ."); *Guaranteed Rate, Inc. v. NHT Law Grp., APLC*, No. 12 C 81, 2012 WL 2597930, at *4 (N.D. Ill. July 5, 2012) ("'Competent proof' means 'admissible evidence'"). To that end, Pyure points to numerous pieces of evidence that it claims indicate that Nascent is fully controlled by Zhucheng and operates as its global operating arm. D.E. 26 at 6-15. Zhucheng responds that none of the evidence Pyure puts forth to substantiate its claims is competent, i.e. admissible, and therefore Pyure has not met its burden of establishing that it properly served Zhucheng. The Court will address each piece of evidence in turn.

### a. Exhibits 1-3 - Zhucheng Formed Nascent

Pyure argues that Zhucheng controls Nascent because Zhucheng formed Nascent. In support, Pyure points to attachments that it asserts are screenshots of Zhucheng's webpage, which indicate that Nascent and Zhucheng have the same "company history" and which direct all non-Chinese inquiries related to Zhucheng to Nascent. D.E. 26-1; D.E. 26-2; D.E. 26-3. As Zhucheng rightly notes, these exhibits are not admissible because they are unauthenticated hearsay. Federal Rule of Evidence 901 provides that authentication of evidence is a "condition precedent to admissibility." Fed. R. Evid. 901; *see also Snover v. City of Starke, Fla.*, 398 Fed. Appx. 445, 449 (11th Cir.2010) ("Authentication is a condition precedent to admissibility . . . Because the defendants merely filed the DVD with the court and did not authenticate it, the district court did not abuse its discretion in declining to consider the DVD."). "To authenticate printouts from a website, the party proffering the evidence must produce 'some statement or affidavit from someone with knowledge [of the website] ... for example [a] web master or someone else with personal knowledge would be

sufficient.'" *St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, No. 8:06CV223TMSS, 2006 WL 1320242, at *2 (M.D. Fla. May 12, 2006) (quoting *In re Homestore.com, Inc. Sec.Litig.*, 347 F.Supp.2d 769, 782 (C.D.Cal.2004).

Pyure has the burden of producing evidence that is admissible and authentic. Fed. R. Evid. 901 (a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."). However, Pyure provides no affidavit[2] affirming under penalty of perjury that these screenshots are accurate representations of Zhucheng's website and does not explain who accessed the website. Moreover, the website is plainly hearsay because it is an out of court statement not made by Zhucheng, Nascent, or their webmaster, and is offered to prove that Zhucheng and Pyure have the same history and that Zhucheng uses Nascent as its global operating arm.

Thus the Court will not consider these screenshots in determining whether Zhucheng "possessed some degree of control" over Nascent. *See Codigo Music, LLC v. Televisa, S.A., de C.V.*, No. 15-21737-CIV, 2016 WL 11501587, at *1 (S.D. Fla. Feb. 10, 2016) ("In their objections, Plaintiffs submitted an unauthenticated, inadmissible website screenshot. This screenshot is not evidence and the Court will not consider it."). Further, even if the evidence were admissible, it does not show that "Zhucheng formed Nascent" as Pyure alleges.

b. <u>Exhibits 4-8 - Zhucheng & Nascent Share Employees</u>

Pyure argues that Zhucheng and Nascent share employees, thus indicating that Zhucheng controls Nascent. In support, Pyure points to an attachment it asserts is a screenshot from Mr. Hank Wang's LinkedIn webpage. D.E. 26-4. Pyure asserts that the screenshot indicates that Mr. Wang

---

[2] Pyure <u>provides no authenticating affidavit for any of its evidence</u> nor any other method of authentication and therefore almost none of its evidence is admissible. On this basis alone, the Court could find that Pyure has not met its burden of demonstrating by competent proof that the Court has personal jurisdiction over Zhucheng via adequate service of process.

works for Nascent, and states, "[p]lease reach out to me if you plan to use stevia in your products! http://www.zcht.cc/English/," but that website is Zhucheng's website. D.E. 26 at 7. Similarly, Pyure also points to what it asserts are screenshots of four other employees' LinkedIn pages, which describe Nascent as the "International Sales Department of Zhucheng." D.E. 26-5; D.E. 26-6; D.E. 26-7; D.E. 26-8.

It is almost self-evident that this evidence is inadmissible for the same reasons just discussed: it is unauthenticated and refers to another unauthenticated exhibit (D.E. 26-1), it is double hearsay, and even if it were admissible, it provides no evidence that Zhucheng and Nascent share employees. At best, it indicates that Mr. Hank Wang stated on his social media that he worked for Nascent and provided a link to Zhucheng's website on his LinkedIn page, and that four self-described Nascent employees described Nascent as a sales department of Zhucheng on social media. Zhucheng denies that Mr. Wang is its employee and, as Zhucheng points out, it does not and cannot control the activity of Nascent's alleged employees on social media. Accordingly, the Court will not consider these exhibits and even if it did, would not find them to be persuasive evidence that Zhucheng and Nascent share employees, let alone that Zhucheng controls Nascent. *Cf. Faro Techs., Inc. v. Cimcore Corp.*, No. 6:05–CV–1702–ORL–31JGG, 2006 WL 1119223, at *5 (M.D. Fla. Apr.27, 2006) (holding parent did not sufficiently control subsidiary for general jurisdiction where parent and subsidiaries shared common officers and at least one director); *see also Gadea v. Star Cruises, Ltd.*, 949 So.2d 1143, 1146 (Fla. 3d DCA 2007) ("A substantial body of Florida law makes clear that it is only where a parent corporation exerts such extensive operational control over a subsidiary that the subsidiary is no more than an agent existing to serve only the parent's needs, that jurisdiction over the parent exists. Sharing some officers and directors,

having a unified or 'global' strategy and goals, cross-selling in promotional materials, and performing services for one another is not sufficient to satisfy this test.").

### c. Exhibits 9-10 – Nascent's Managing Member Uses a Zhucheng Email Address

Pyure argues that Chen used a Zhucheng email address in filings with the FDA on February 12, 2015, and February 1, 2016. Zhucheng responds that Chen used to work for Zhucheng and therefore when he made filings with the FDA he used a Zhucheng email address. Screenshots of government websites are arguably self-authenticating, and admissible because they fall under the public records exception to the hearsay rule. *See Riverkeeper v. Taylor Energy Co.*, 113 F. Supp. 3d 870, 881 n.52 (E.D.L.a. 2015) ("[F]ederal courts consider records from government websites to be self-authenticating under Rule 902(5)."); *McClandon v. Heathrow Land Co. P'ship*, No. 6:08-CV-35-ORL-28GJK, 2010 WL 336345, at \*4 (M.D. Fla. Jan. 22, 2010) ("[T]rustworthy investigatory reports of Government agencies should not be excluded from evidence in civil cases."); *see also Crawford v. ITW Food Equip. Grp., LLC*, No. 3:16-CV-1421-J-25PDB, 2018 WL 3599211, at \*2 (M.D. Fla. Apr. 27, 2018) (finding OSHA records self-authenticating and admitting OSHA records under public records exception to hearsay rule).

But, Nascent does not provide screenshots from the FDA's website. Instead, it provides what it asserts are letters from Chen to Paulette Gaynor, an FDA employee explaining that its sweeteners are "Generally Recognized as Safe" by the FDA. D.E. 26-9; D.E. 26-10. Again, these attachments are unauthenticated hearsay and are therefore inadmissible. Moreover, even if they were admissible, they do not indicate that Zhucheng has any kind of control over Nascent; all they indicate is that Chen, who is currently an executive at Nascent, used a Zhucheng email address in FDA filings in 2015 and 2016, when he may have been a Zhucheng employee.

d. Exhibits 11-14 – Nascent and Zhucheng Represent that

Nascent is Zhucheng's Subsidiary

Pyure argues that Zhucheng and Nascent have repeatedly stated that Nascent is Zhucheng's subsidiary. D.E. 26 at 9. In support, Pyure points to four screenshots from different websites. As already discussed, unauthenticated screenshots from non-government websites are inadmissible hearsay and will not be considered. *See* D.E. 26-11; D.E. 26-12; D.E. 26-13; D.E. 26-14. Moreover, as discussed:

> [t]he parent-subsidiary relationship alone does not establish the agency necessary for serving process on the parent through the subsidiary . . . Instead, to establish the requisite agency relationship, the plaintiff must show that the parent corporation exercised such a degree of control over its subsidiary that the activities of the subsidiary were in fact the activities of the parent within the state . . . .

*Fountain v. Rexon Indus. Corp.*, No. 3:12CV123/MCR/CJK, 2013 WL 12251717, at *2 (N.D. Fla. Feb. 4, 2013) (internal quotation marks and quotations omitted).

e. Exhibits 15-18 – Nascent and ZCHT Attend Trade Shows

Together where they Share Space and Hold Themselves out

as "ZCHT/Nascent Health Sciences".

Pyure next argues that Nascent and Zhucheng attended tradeshows together and co-mingled their identities, thus evidencing that Zhucheng controls Nascent. In support, Pyure points to four pieces of evidence: (1) a copy of the "So Pure Stevia Website," which encourages visitors to "[v]isit SoPure Stevia as part of the ZCHT/Nascent Health Sciences booth" at the 2018 Institute of Food Technologists Conference; (2) photographs from Nascent's facebook page in which Zhucheng "and Nascent are prominently displayed together" at the conference; and (3) two documents which Pyure asserts are a search for Zhucheng at the conference, indicating that Nascent, not Zhucheng, actually attended the conference and that Zhucheng exhibited out of

Nascent's booth. Again, none of this evidence is admissible as it is unauthenticated and hearsay. Moreover, as with the remainder of Pyure's evidence, it does not indicate that Zhucheng controls Nascent, at best it indicates that they work together closely and that they attended a conference together in 2018.

### 3. Conclusion as to Service under Rule 4(h)

In sum, Zhucheng provided an affidavit asserting that Pyure did not properly serve Zhucheng through Nascent because Nascent was not its agent authorized to receive process. Pyure responded with unauthenticated and inadmissible evidence that it asserts demonstrates that Zhucheng controls Nascent and therefore Nascent is Zhucheng's agent authorized to receive process under Florida law. Pyure's response does not contain any "competent proof" as required by this and other circuits and Zhucheng's motion is due to be granted on this ground. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1282 (11th Cir. 2009) (finding no personal jurisdiction where Plaintiff failed to provide admissible evidence to rebut Defendant's affidavit: "[a]t the threshold, as explained above, we cannot consider the allegations about [Defendant's] conduct in Florida because [Defendant's] affidavit, which [Plaintiff] has failed to rebut with competent evidence, specifically denies those allegations.") (emphasis added*); In re Banco Santander Sec.-Optimal Litig.*, 732 F. Supp. 2d 1305, 1313 (S.D. Fla. 2010), *aff'd sub nom. Inversiones Mar Octava Limitada v. Banco Santander S.A.*, 439 F. App'x 840 (11th Cir. 2011) ("[The] failure to rebut, with some admissible evidence, the statements in the various Defendants' affidavits . . . fatally undermines the Plaintiffs' case for personal jurisdiction . . . ."); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006) ("admissible evidence [is] . . . what 'competent' proof means"); *see also Carrier v. Jordaan*, 714 F. Supp. 2d 1204, 1211 (S.D. Ga. 2008) (explaining that the burden of proof on a motion to dismiss

for insufficient service of process is the same as the burden on a motion to dismiss for lack of personal jurisdiction).

Moreover, even if Pyure's evidence were admissible, it does not indicate that Zhucheng has any control over Nascent. At best it indicates that Nascent is a subsidiary of Zhucheng, but Florida law is clear that "[t]he parent-subsidiary relationship alone does not establish the agency necessary for serving process on the parent through the subsidiary. *Vega Glen v. Club Mediterranee S.A.*, 359 F. Supp. 2d 1352, 1357 (S.D. Fla. 2005) (citation omitted); *Wasden v. Yamaha Motor Co.*, 131 F.R.D. 206, 209 (M.D. Fla. 1990) ("Florida courts have ruled that a parent-subsidiary relationship alone does not establish the agency necessary for serving process on the parent through the subsidiary.") (citing *Volkswagenwerk Atkiengelselischaft v. McCurdy,* 340 So.2d 544, 546 (Fla. 1st D.C.A.1976)) (other citations omitted). Accordingly, the Court finds that Pyure has not met its burden of establishing that it properly served Zhucheng pursuant to Rule 4(h).

However, this does not end the inquiry into service as Pyure can also establish that it adequately served Zhucheng through "the manner prescribed by Rule 4(e)(1) for serving an individual," i.e. by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located [Florida] or where service is made [New York]." Fed. R Civ. P. 4(e)(1). The Court will address service under both State laws in turn.

### iii.   Service Under Rule 4(e)(1) – Florida Law

Under Florida law, "[s]ections 48.081and 48.091 provide the exclusive means of effecting service of process on an active corporation, and these provisions must be strictly construed." *Wilding v. DNC Services Corp.*, Case No. 16-cv-61511, 2016 WL 10516025, at *3 (S.D. Fla. Aug. 30, 2016) (citing *Dade Erection Serv., Inc. v. Sims Crane Serv. Inc.*, 379 So. 2d 423, 425 (Fla.

Dist. Ct. App. 1980)). Fla Stat. § 48.081 provides "a hierarchy of persons who may be served, depending on the absence of persons in the preceding section:

> **(a)** On the president or vice president, or other head of the corporation;
>
> **(b)** In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>
> **(c)** In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>
> **(d)** In the absence of any person described in paragraph (a), paragraph (b), paragraph (c), on any officer or business agent residing in the state.

*Id.* (quoting Fla. Stat. § 48.081(1)(a)-(d)) (emphasis in original). Fla. Stat. § 48.091 "requires that the corporation have a registered office open from 10:00 a. m. to 12:00 noon with a registered gent, on whom process may be served, present." *Dade Erection Serv., Inc. v. Sims Crane Serv., Inc.*, 379 So. 2d 423, 426 (Fla. Dist. Ct. App. 1980) (quoting Fla. Stat. § 48.091).

In his affidavit on behalf of Zhucheng, Chen asserts that Sevgili, the person upon whom service was effected, is not an employee, agent, or otherwise affiliated with Nascent. D.E. 22-1. Chen also affirms that he never received the summons or complaint. *Id.* Thus, Zhucheng argues that Pyure has failed to serve Zhucheng under Florida law and even if Nascent were an agent of Zhucheng, Pyure has failed to adequately serve it under Florida law. Accordingly, the burden now shifts to Pyure to provide competent evidence that it properly served one of the persons described in §§ 48.081 and 48.091. Yet, the Court agrees with Zhucheng that Pyure has provided no competent evidence indicating that Sevgili was Zhucheng or Nascent's registered agent or that she is a director, officer, president, or treasurer of either corporation. Accordingly, the Court finds that Pyure has not met its burden of demonstrating that it properly served Zhucheng under Rule 4(e)(1). *See Wilding v. DNC Services Corp.*, Case No. 16-cv-61511, 2016 WL 10516025 (S.D. Fla. Aug.

30, 2016) (finding that plaintiff had failed to adequately serve defendant when plaintiff's affidavit of service indicated that service had only been effected upon a special assistant to the CEO).

### iv. Service Under Rule 4(e)(1) – New York Law

Lastly, pursuant to Rule 4(e)(1) Pyure also may properly serve Zhucheng under New York law. New York C.P.L.R. § 311 governs personal service upon a corporation or government subdivision. Section 311 "allows service either to 'an officer, director, managing or general agent . . . or to any other agent authorized by appointment or by law to receive service.'" *Citadel Mgmt., Inc. v. Telesis Tr., Inc.*, 123 F. Supp. 2d 133, 145 (S.D.N.Y. 2000) (quoting N.Y. C.P.L.R. § 311(a)(1) (McKinney's 2000)).

Zhucheng argues that Sevgili is not an employee of Zhucheng or Nascent and therefore is not an "agent authorized by appointment or by law to receive service" under § 311. In addition, Zhucheng argues that service was improper under New York law because the process service did not attempt to identify Nascent or Zhucheng's registered agent. *See Labarbera v. Giacomelli Tile, Inc.*, No. CV-08-3385 CPS, 2009 WL 1875766, at *2 (E.D.N.Y. June 26, 2009) (holding service of process deficient under New York law because "[t]he process server here made no attempt to ascertain the title or corporate position of the individual who accepted the papers or even to inquire whether the individual was actually an employee of the defendant corporation.") (citation omitted).

Pyure does not address either of these arguments, arguing instead that under New York law, service upon Nascent was sufficient to constitute service upon Zhucheng because Nascent was Zhucheng's agent. As discussed, the Court is unpersuaded by this argument. *See supra* note 1. Thus, as Pyure fails to respond to Zhucheng's affidavit indicating that Sevgili is not its employee or agent, and as New York law only permits service upon a corporation's officer, director,

managing member, or registered agent, the Court agrees with Zhucheng that Pyure has not satisfied its burden of establishing proper service upon Zhucheng under New York law.[3]

---

[3] "[T]he Court has broad discretion to dismiss the action or to quash service but retain the case." *Thermo–Cell Se., Inc. v. Technetic Indus., Inc*., 605 F.Supp. 1122, 1124 (N.D.Ga.1985); *accord* 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1354 (3d ed. 2004). Further, Rule 4(m) provides that the Court must "extend the time for service for an appropriate period" if the Plaintiff provides good cause for failure to timely effect proper service. Good cause exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir.1991)). Here the Court will exercise its discretion to dismiss Zhucheng without prejudice. First, nothing in the Motions or the record indicates that the failure to properly serve Zhucheng was based on any "external factor or other circumstance such as reliance on faulty advice . . . ." *Profit v. Americold Logistics, LLC*, 248 F.R.D. 293, 296 (N.D. Ga. 2008). Instead, as evidenced by Pyure's response to this Court's order to show cause, D.E. 13, Pyure's failure to properly serve Zhucheng arises from Pyure's desire to avoid the expense and delay of service through the Hague convention, its persistent unsubstantiated belief that Nascent was Zhucheng's agent for service of process, and its negligence in hiring a process server who made no attempt to identify an agent authorized to receive service of process for Zhucheng. *See Labarbera*, No. CV-08-3385 CPS, 2009 WL 1875766, at *2 (holding that service improper where process server made no attempt to identify appropriate agent for service of process). Second, Zhucheng filed its motion to dismiss for lack of proper service on October 9, 2018, putting Pyure on notice that service was insufficient. D.E. 22. Yet, Plaintiff has never attempted to file a corrected affidavit of service or moved for an extension of time to re-serve Zhucheng. Instead, it has doggedly asserted that Nascent is Zhucheng's agent based on unauthenticated and inadmissible website screenshots. *See, e.g.,* D.E. 13-4. Granting an extension to serve at this stage in the litigation would be prejudicial given that the action has been pending since August, 2018. *See Egan v. Tenet Health Care*, 193 F. Supp. 3d 73, 84 (D. Mass. 2016) (finding no good cause for extension to serve where defendant "filed its motion to dismiss on the grounds of improper service on February 22, 2016, alerting Egan to the fact that Tenet considered service insufficient. Egan did not attempt to correct service in the intervening time, nor has she requested an extension of time to serve Tenet properly . . . The claims against Tenet will therefore be dismissed without prejudice."); *Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1341 (N.D. Ga. 2013) (dismissing defendant without prejudice and denying extension to serve because plaintiff had been put on notice multiple times that service was insufficient, failed to move for an extension to re-serve Defendant and provided no rationale demonstrating good cause for failure to serve). In addition, none of the factors listed in the Advisory Committee Note to Rule 4(m) that could justify the grant of an extension of time for service of process in the absence of good cause are applicable. *see Horenkamp v. Van Winkle And Co*., 402 F.3d 1129, 1132–33 (11th Cir. 2005) ("[W]e again look to the Advisory Committee Note to Rule 4(m) for guidance as to what factors may justify the grant of an extension of time for service of process in the absence of good cause."); Fed.R.Civ.P. 4(m), Advisory Committee Note, 1993 Amendments ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the . . . defendant is evading service or conceals a defect in attempted service."). "The Lanham Act . . . does not contain a statute of *1378 limitations . . . [and] claims for trademark infringement are usually actionable throughout the period of infringement because infringement is a continuing wrong." *Buccellati Holding Italia SPA v. Laura Buccellati, LLC*, 5 F. Supp. 3d 1368, 1377– 78 (S.D. Fla. 2014); *see also Commodores Entm't Corp. v. McClary*, 879 F.3d 1114, 1141 (11th Cir.), *cert. denied*, 139 S. Ct. 225, 202 (2018) ("While the Lanham Act does not contain a statute of limitations, in trademark cases we have applie[d] the period for analogous state law claims as the touchstone for laches . . . In Florida, this is four years.") (citing Fla. Stat. § 95.11(3), (6)) (quotation omitted). Given that Pyure asserts that Zhucheng only began infringing recently, the statute of limitations does not appear to be an issue. *See also Horenkamp*, 402 F.3d at 1133 ("[T]he running of the statute of limitations does not require that a district court extend the time for service of process."). Nor is there any evidence of Zhucheng evading service or concealing a defect in attempted service. Accordingly, the Court will dismiss Zhucheng without prejudice. *See Adams v. AlliedSignal Gen. Aviation Avionics,* 74 F.3d 882, 886 (8th Cir. 1996) (affirming decision of district court not to quash service, but to dismiss defendant without prejudice for failure to serve process and affirming denial of extension to serve); *Kammona v. Onteco Corp*., 587 F. App'x 575, 578 (11th Cir. 2014) (affirming dismissal of defendant without prejudice for insufficient service of process where plaintiff did not rebut affidavit asserting insufficient service).

## IV. Conclusion

In sum, for the reasons discussed *supra*, this Court lacks personal jurisdiction over Zhucheng and therefore dismisses the claims against Zhucheng without prejudice. *See Pardazi*, 896 F.2d at 1317 ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."); *Colida v. LG Elecs., Inc.*, 77 F. App'x 523, 527 (Fed. Cir. 2003) (affirming dismissal of party without prejudice for insufficient service of process where plaintiff sought to serve parent through subsidiary but only offered unauthenticated website as proof of relationship).[4] Accordingly, it is

ORDERED AND ADJUDGED that the Motion, D.E. 22, is GRANTED. ALL CLAIMS AGAINST DEFENDANT ZHUCHENG HAOTIAN PHARMACEUTICAL CO. LTD ARE DISMISSED WITHOUT PREJUDICE. DEFENDANT ZHUCHENG HAOTIAN PHARMACEUTICAL CO. LTD IS HEREBY DISMISSED AS A PARTY to this action. It is further

ORDERED AND ADJUDGED that Plaintiffs' Motion to Shorten Time to Respond to Limited Jurisdictional Discovery and Stay Defendant's Motion to Dismiss, D.E. 27, is DENIED AS MOOT.

---

[4] Pyure also requests that the Court stay the action and permit Pyure to engage in limited discovery to determine if Nascent is Zhucheng's subsidiary. D.E. 27. "[J]urisdictional discovery is favored where there is a genuine dispute concerning jurisdictional facts necessary to decide the question of personal jurisdiction; it is not an unconditional right that permits a plaintiff to seek facts that would ultimately not support a showing a personal jurisdiction." *Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1321 (S.D. Fla. 2009). After a review of the record and the unauthenticated and inadmissible evidence already provided by Pyure, the Court does not believe that there is good cause to permit this discovery; it would amount to a fishing expedition. *See Delta Constructors, Inc. v. Roediger Vacuum, GmbH*, 259 F.R.D. 245, 253 (S.D. Miss. 2009) ("In the court's opinion, the request for discovery is not well founded, as there is no reasonable basis upon which it might be contended that discovery would produce evidence to suggest an agency relationship. It would simply be a fishing expedition."); *Hickory Travel Sys., Inc. v. TUI AG*, 213 F.R.D. 547, 555 (N.D. Cal. 2003) ("Plaintiff currently is so far, both in fact and in law, from asserting a prima facie case of proper service that the Court does not see jurisdictional discovery as merited.").

DONE AND ORDERED in Chambers at Miami, Florida, this 5th__ day of March, 2019.

*[signature]*

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record